**John F. WATKINS, Plaintiff—Appellant,**

v.

**Dennis STOUT, individually and in his capacity as District Attorney of the County of San Bernardino, Defendants—Appellees.**

No. 02–56451.

D.C. No. CV–02–00651–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided July 30, 2003.

Before REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM*

When the County of San Bernadino filed criminal charges against attorney John F.

Watkins, Watkins sought an injunction under 42 U.S.C. § 1983 against the pending prosecution; he alleged that he was being prosecuted in bad faith, in retaliation for his aggressive litigation strategies in actions brought on a client's behalf against county officials. The district court dismissed Watkins's action pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). While Watkins's appeal was pending, he was convicted in state court of conspiracy to obstruct justice, perjury by declaration, and conspiracy to stalk; as to all other counts, Watkins was either acquitted or the jury failed to return a verdict and the charges were dismissed.

Watkins concedes that his § 1983 claims regarding the counts that have been dismissed and the counts on which he was acquitted are moot. As to the counts on which Watkins was convicted, any injunction restraining the district attorney from proceeding with the case due to improprieties in the prosecution would "necessarily imply the invalidity of [Watkins's] conviction." *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and its progeny, including *Heck v. Humphrey,* there is no cause of action under § 1983 for such claims unless Watkins "can demonstrate that the conviction . . . has already been invalidated," whether on appeal, by the grant of a writ of habeas corpus, or by other extraordinary means. *Heck,* 512 U.S. at 487. At this point, Watkins's action must be dismissed.

At oral argument and in a subsequent report to the court, Watkins requested a remand for the purpose of seeking leave to amend his complaint, to add

---

the State Bar of California as a defendant. At this point, such an amendment would be futile. Because Watkins's convictions provide cause for disbarment, *see Marquette v. State Bar,* 44 Cal.3d 253, 242 Cal.Rptr. 886, 746 P.2d 1289 (1988); CAL. BUS. & PROF.CODE §§ 6101 *et seq.,* any injunction restraining the State Bar is also currently precluded by *Preiser* and its progeny.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.